UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AM. HONDA FIN. CORP., a California Corp.,

                            Petitioner,

v.                                                    7:13-CV-0260 (GTS/ATB)

ROUTE 57 DEV., LLC, *et. al.*,

                            Respondents.
_____

APPEARANCES:                                     OF COUNSEL:

MENTER, RUDIN & TRIVELPIECE, P.C.         JULIAN B. MODESTI, ESQ.
  Counsel for Petitioner                          TERESA M. BENNETT, ESQ.
308 Maltbie Street, Suite 200
Syracuse, NY 13204-1498

BOND, SCHOENECK & KING, PLLC            BRIAN J. BUTLER, ESQ.
  Counsel for Respondents
One Lincoln Center
Syracuse, NY 13202

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this action to enforce a judgment filed by American Honda Finance Corporation ("Petitioner") against Philip J. Simao and thirty-four entities ("Respondents"),[1] is Petitioner's motion for a discretionary allowance pursuant to NY CPLR §

---

[1] These thirty-four entities are as follows: Route 57 Development, LLC, Prime, L.L.C., Toped Development LLC, Warners Road Development, LLC, 81 Front Street Development, LLC, Arbel LLC, Auburn Route 5 Development LLC, Automobile Franchise Acquistions, LLC, B&J Auto Sales, Inc., Collins Landing Development Corp., DealMaker of Potsdam, LLC, Dealmaker Auto Group, L.L.C., Dealmaker Dodge, LLC, Dealmaker Ford of Clay, LLC, Dealmaker Ford, Inc, Dealmaker Honda of Potsdam, LLC, Dealmaker Leasing, L.L.C., Dealmaker Management, LLC, Dealmaker Nissan, LLC, Dealmaker of Ogdensburg, L.L.C., Dealmaker, L.L.C., Franchise Acquisitions, LLC, Ives Hill Country Club, Inc., Kimbrook Route 31 Development LLC, Kimbrook Route 31 L.L.C., Liberty Sackets Harbor LLC, Lobut Development, LLC, Onondaga Development, LLC, River North I, Inc., River North, LLC, SIM-SAC Development Corp., Thirty One Development LLC, Toped Management Services, Inc., and V.M. Paolozzi Imports, Inc. (Dkt. No. 1.)

8303(b), costs pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920 and NY CPLR §§ 8101, 5225(b) and 5227, and post-judgment interest pursuant to 28 U.S.C. § 1961. (Dkt. No. 75.) For the reasons set forth below, that motion is granted in part and denied in part.

## I. RELEVANT BACKGROUND

### A. Procedural History

For the sake of brevity and because the parties have (in their memoranda of law) demonstrated an accurate understanding of Petitioner's claims and this action's relevant procedural history, the Court will assume the reader's familiarity with those facts in this Decision and Order, which is primarily intended for the review of the parties. The Court would add only that, in its Decision and Order of March 1, 2016, it directed Petitioner to file, *inter alia*, a renewed motion briefing the Court on the following three issues: (1) the legal standard governing Petitioner's request for a sum not exceeding five percent of the Judgment under NY CPLR § 8303(b); (2) the amount of costs to which Petitioner is entitled as a prevailing party; and (3) the amount of post-judgment interest that Petitioner is owed. (Dkt. No. 70, at 41.)

### B. Parties' Arguments on Petitioner's Motion

In its renewed motion, Petitioner asserts the following three arguments: (1) the legal standard governing Petitioner's request for a discretionary allowance not exceeding five percent of the Judgment under NY CPLR § 8303(b) is one of equity or fairness (e.g., the incurrence of an added expense by the petitioner as a result of an unnecessary action by the respondent), which standard is satisfied here because, in opposing Petitioner's enforcement efforts, Respondents took "thinly supported positions" (such as objecting to the admissibility of documents produced by their own principal in discovery, and arguing that Respondent Simao is entitled under the law

to "re-invest" profits, distributions, dividends and bonuses rather than satisfy the judgments), warranting an additional allowance in the amount of $181,135.75 (which amounts to five percent of the principal amount of the two Judgments against Respondent Simao); (2) the amount of costs to which Petitioner is entitled as a prevailing party pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920 and NY CPLR §§ 8101, 5225(b) and 5227 is $8,733.45; and (3) the amount of post-judgment interest that Petitioner is owed pursuant to 28 U.S.C. § 1961 (since the entering of the three Judgments in the total principal amount of $3,825,904.63 on March 29, 2012) is 0.20% per year, which results to a total balance due and owing (as of April 8, 2016) of $3,856,084.06, with interest continuing to accrue at a rate of $21.13 per day. (Dkt. No. 75, Attach. 2-4.)

In their response, Respondents assert the following three arguments: (1) the Court should not award Petitioner a discretionary allowance under NY CPLR § 8303(b) because (a) the document-admissibility position that Respondents took in opposing Petitioner's enforcement efforts was not "thinly supported" but was supported by citations to multiple cases (and was proved to be unsupported by those cases, if at all, only after discovery was subsequently reopened), and (b) only three of the Respondents had judgments against them and thus were obligated to pay anything as judgment debtors (and one of those three Respondents made eight unsuccessful proposals to settle the judgments between March 8, 2013, and the June 2, 2016), and (c) to the extent that the discretionary allowance is intended to indemnify Petitioner for its attorneys' fees and costs in this action, Petitioner is separately seeking those attorneys' fees and costs and should not be awarded a double recovery; (2) the Court should not award Petitioner the costs it has requested, because (a) Petitioner has failed to accompany its Bill of Costs with receipts indicating that Petitioner actually incurred the costs as required by Local Rule 54.1, (b)

many of the costs requested are not those recognized by 28 U.S.C. § 1920, and (c) Petitioner's request for fees for service appears too high considering that service for each of the Entity Respondents was accomplished through the New York Secretary of State on the same date by the same process server; and (3) the Court should not award Petitioner the full amount of the post-judgment interest that it has requested, because (a) while Petitioner's motion for summary judgment (and indeed its Petition) sought the principal and interest relating to only the two Judgments against Respondent Simao (which amounts total $3,652,003.88), Petitioner now also seeks the principal and interest relating to the separate Judgment against Respondent V.M. Paolozzi Imports, Inc. (which amounts total $204,080.18), and (b) there is no legal basis to charge the other Entity Respondents with interest on the Judgment against Respondent V.M. Paolozzi Imports, Inc. (Dkt. No. 79.)

## II.     GOVERNING LEGAL STANDARDS

Again, for the sake of brevity and because the parties have (in their memoranda of law) demonstrated an accurate understanding of the legal standards governing Petitioner's motion, the Court will assume the reader's familiarity with those legal standards in this Decision and Order, which is primarily intended for the review of the parties.

## III.    ANALYSIS

### A.     Whether the Could Should Award Petitioner a Discretionary Allowance in the Amount of $181,135.75

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Petitioner's memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court adds only the following analysis.

With regard to Respondents' first argument on this subject (i.e., their argument regarding their objection to the admissibility of documents), the crux of this argument is that Respondents properly objected that certain of the documents adduced by Petitioner "cannot be presented in a form that would be admissible in evidence" for purposes of Fed. R. Civ. P. 56(c)(2), and that the objection became unsupported (if ever) only later, after Petitioner reopened discovery and met its burden to show that the documents were admissible as presented or would be presented in an admissible form at trial. However, this argument overlooks the fact that the objection set forth in Fed. R. Civ. P. 56(c)(2) "functions much as an objection would at trial." Fed. R. Civ. P. 56(c) advisory committee note to 2010 amendments. Of course, trial objections require a good-faith basis.[2] Here, Respondents lacked such a basis, because, at the time they made their objection, they knew (or reasonably should have known) that the documents had been previously produced by themselves in discovery.[3] Simply stated, it was clear from the outset that the documents were admissible as business records under Fed. R. Evid. 803(6), as party admissions under Fed. R. Evid. 801(d)(2)(A), and/or pursuant to the residual hearsay exception under Fed. R. Evid. 807.[4]

---

[2]  *See, e.g., Williams v. McNeil*, 06-CV-0350, 2009 WL 1308565, at *13 (M.D. Fla. May 7, 2009) ("[Trial counsel] lacked a good faith basis to object to the admission of the victim's pretrial inconsistent statements.").

[3]  The Court notes that the documents (which appear on their face to be the business records of various Respondents) bore Respondents' Bates-stamp numbers, indicating that they had been produced by Respondents during discovery. (Dkt. No. 45, Attach. 5-19 [bearing Respondents' Bates-stamp numbers]; Dkt. No. 47 [bearing Respondents' Bates-stamp numbers].)

[4]  *See, e.g., John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F.Supp.2d 462, 472 (S.D.N.Y. 2000) ("[T]he documents are admissible as business records of CDM or, in the alternative, pursuant to the residual hearsay exception."); *Gallegos v. Swift & Co.*, 237 F.R.D. 633, 641 (D. Colo. 2006) ("Swift . . . argues that these records constitute inadmissible hearsay. . . . Swift does not deny that these records were obtained from them during discovery, and are regularly kept by Swift. As such, they are business records, and fall under the business record exception to hearsay under Fed. R. Evid. 803(6). . . . Also, these are records of a party offered against that party, so they qualify as party admissions and are not hearsay under Fed. R. Evid. 801(d)(2)(A).").

Moreover, even if the Court is mistaken regarding its finding of a lack of a basis, the Court finds that an award of a discretionary allowance is warranted under the circumstances due to (a) Respondent Simao's persistent decision to "re-invest" his profits, distributions, dividends and bonuses, instead of paying them to Petitioner in partial satisfaction of the two Judgments against him, and (b) the relatively difficult and/or extraordinary nature of this case.

With regard to Respondents' second argument on this subject (i.e., their argument regarding the number of Respondents that had judgments against them, and the efforts of one of those Respondents to settle the judgments), the Court rejects this argument, because (a) it is not any misconduct by the non-judgment Respondents that warrants the award of the discretionary allowance but the misconduct by the three Respondents against whom Judgments have been entered (particularly Respondent Simao, who owns an interest in the other Respondents), and (b) the time and attorney's fees that Respondent Simao purportedly spent repeatedly proposing to "resolve" the judgments against him should have been spent partially satisfying the judgments (especially after they were affirmed on appeal on May 31, 2013).

With regard to Respondents' third argument on this subject (i.e., their argument regarding the duplicative nature of Petitioner's request for a discretionary allowance in light of its request for costs and attorneys' fees), the Court rejects this argument, because (a) while Respondents' argument about the duplicative nature of a separate request for attorneys' fees is well-taken, Petitioner's papers do not include a separate request for attorneys' fees, and (b) while Respondents' argument about the duplicative nature of Petitioner's separate request for costs is well-taken, the solution of that redundancy is to simply disallow the separate request for costs, which Respondents have argued is defective anyway.

For all of these reasons, the Court awards Petitioner a discretionary allowance in the requested amount of $181,135.75.

    **B.    Whether the Court Should Award Petitioner Costs in the Amount of $8,733.45**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Respondent's opposition memorandum of law and the fact that the Court is already awarding Petitioner a discretionary allowance (one of the purposes of which is to reimburse Petitioner for its costs in enforcing the judgments). *See, supra,* Parts I.B. and III.A. of this Decision and Order.

    **C.    Whether the Court Should Award Petitioner Post-Judgment Interest in the Total Amount of $3,825,904.63 as of April 8, 2016, and an Additional $21.13 per Day Thereafter**

After carefully considering the matter, the Court answers this question partly in the affirmative for the reasons stated in Petitioner's memorandum of law, and partly in the negative for the reasons stated in Respondent's opposition memorandum of law. *See, supra,* Part I.B. of this Decision and Order.

More specifically, to the extent that Petitioner requests 0.20% interest per year since the entry of the two Judgments against Respondent Simao (in the principal amounts of $2,120,493.09 and $1,502,221.94), Respondents have not opposed that request. In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been

characterized as a "modest" burden.[5]  Here, Petitioner has met that lightened burden.  In any event, even if the Court were to subject this portion of Petitioner's request to the more-rigorous scrutiny appropriate for a contested motion, the Court would find that this portion of the request survives that scrutiny, for the reasons stated in Petitioner's memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.  As a result, the Court awards Petitioner post-judgment interest at a rate of 0.20% per year on its two Judgments of March 29, 2012, for the principal amounts of $2,120,493.09 and $1,502,221.94, resulting in a total amount of principal and interest of $3,652,003.88, due as of April 8, 2016, and an additional $20.01 per day due thereafter.  (Dkt. No. 75, Attach. 3, at 2.)

However, to the extent that Petitioner requests 0.20% interest per year on its third Judgment of March 29, 2012, against Respondent V.M. Paolozzi Imports, Inc. (for the principal amount of $203,189.60), the Court agrees with Respondents that (a) Paragraphs 3 through 5 of Petitioner's Petition hinges the nature of the current dispute on Respondent Simao's refusal to satisfy the two Judgments against him and not the Judgment against Respondent V.M. Paolozzi Imports, Inc., (b) pages 4, 5, and 10 of Petitioner's memorandum of law in support of its motion for summary judgment indicate that Petitioner is moving for summary judgment only with regard to the enforcement of the two Judgments against Respondent Simao and not with regard to the enforcement of the Judgment against Respondent V.M. Paolozzi Imports, Inc., and (c) there appears to be no legal basis to charge the other Entity Respondents with interest on the Judgment

---

[5]  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

against Respondent V.M. Paolozzi Imports, Inc. (Dkt. No. 1, at ¶¶ 3-5 [Pet.'s Petition]; Dkt. No. 1, Attach. 3, at 55-57 [Ex. A to Pet's Petition, attaching copy of Judgment]; Dkt. No. 45, Attach. 23, at 11, 12, 17 [attaching pages "4," "5" and "10" of Pet.'s Memo. of Law in support of its Motion for Summary Judgment]; Dkt. No. 45, Attach. 20, at ¶ 10 [Modesti Affid.].) As a result, the Court declines to award Petitioner post-judgment interest on Judgment against Respondent V.M. Paolozzi in this proceeding. While the full amount of that third Judgment does not appear to have been satisfied, Petitioner has not sought in this proceeding to enforce it.

**ACCORDINGLY**, it is

**ORDERED** that Petitioner's motion (Dkt. No. 75) is **GRANTED in part** in the following respects:

 (1) Petitioner is awarded a discretionary allowance in the amount of **ONE HUNDRED EIGHTY ONE THOUSAND ONE HUNDRED THIRTY-FIVE DOLLARS AND SEVENTY-FIVE CENTS ($181,135.75)** pursuant to NY CPLR § 8303(b); and

 (2) Petitioner is awarded post-judgment interest at a rate of 0.20% per year on its two Judgments of March 29, 2012, for the principal amounts of $2,120,493.09 and $1,502,221.94, resulting in a total amount of principal and interest of **THREE MILLION SIX HUNDRED FIFTY-TWO THOUSAND THREE DOLLARS AND EIGHTY-EIGHT CENTS ($3,652,003.88)** due as of April 8, 2016, and an additional $20.01 per day due thereafter, until entry of Judgment in this action; and it is further

**ORDERED** that Petitioner's motion (Dkt. No. 75) is **otherwise <u>DENIED</u>**.

The Clerk of the Court is directed to enter Judgment for Petitioner and close this action.

Dated: May 13, 2016
      Syracuse, NY

                                              Hon. Glenn T. Suddaby
                                              Chief U.S. District Judge