UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| AMERICAN HONDA FINANCE CORP., a California Corporation,<br><br>          Petitioner,<br><br>       v.<br><br>ROUTE 57 DEVELOPMENT, LLC, PRIME, L.L.C. a/k/a PRIME LLC, TOPED DEVELOPMENT, LLC, WARNERS ROAD DEVELOPMENT, LLC, ONONDAGA DEVELOPMENT, LLC, 81 FRONT STREET DEVELOPMENT, LLC, ARBEL LLC, AUBURN ROUTE 5 DEVELOPMENT LLC, AUTOMOBILE FRANCHISE ACQUISITIONS, LLC, B&J AUTO SALES, INC., COLLINS LANDING DEVELOPMENT CORP., DEALMAKER AUTO GROUP, L.L.C., DEALMAKER DODGE, LLC, DEALMAKER FORD OF CLAY, LLC, DEALMAKER NISSAN, LLC, DEALMAKER FORD, INC., DEALMAKER HONDA OF POTSDAM, LLC, DEALMAKER LEASING, L.L.C., DEALMAKER MANAGEMENT, LLC, DEALMAKER OF OGDENSBURG, L.L.C., DEALMAKER OF POTSDAM, LLC, DEALMAKER, L.L.C., FRANCHISE ACQUISITIONS, LLC, IVES HILL COUNTRY CLUB, INC., KIMBROOK ROUTE 31 DEVELOPMENT LLC, KIMBROOK ROUTE 31 L.L.C., LIBERTY SACKETS HARBOR LLC, LOBUT DEVELOPMENT, LLC, RIVER NORTH I, INC., RIVER NORTH, LLC, SIM-SAC DEVELOPMENT CORP., TOPED MANAGEMENT SERVICES, INC., V.M. PAOLOZZI IMPORTS, INC., THIRTY ONE DEVELOPMENT LLC, and PHILIP J. SIMAO,<br><br>          Respondents. | Civil Action No.:<br>7:13-CV-260<br>(GTS/ATB) |

_____

## AMENDED ORDER FOR RECEIVERSHIP

Upon this Court's Decision and Order, dated March 1, 2016 ("2016 Decision and Order"), which granted the Motion of Petitioner, American Honda Finance Corporation ("Petitioner"), for, among other relief, appointment of a Receiver, under CPLR § 5528, to review the books and records of Route 57 Development, LLC, Prime, L.L.C. a/k/a Prime LLC, Toped Development, LLC, Warners Road Development, LLC, Onondaga Development, LLC, 81 Front Street Development, LLC, Arbel LLC, Auburn Route 5 Development LLC, Automobile Franchise Acquisitions, LLC, B&J Auto Sales, Inc., Collins Landing Development Corp., DealMaker Auto Group, L.L.C., DealMaker Dodge, LLC, DealMaker Ford of Clay, LLC, DealMaker Nissan, LLC, DealMaker Ford, Inc., DealMaker Honda of Potsdam, LLC, DealMaker Leasing, L.L.C., DealMaker Management, LLC, DealMaker of Ogdensburg, L.L.C., DealMaker of Potsdam, LLC, DealMaker, L.L.C., Franchise Acquisitions, LLC, Ives Hill Country Club, Inc., Kimbrook Route 31 Development LLC, Kimbrook Route 31 L.L.C., Liberty Sackets Harbor LLC, Lobut Development, LLC, River North I, Inc., River North, LLC, Sim-Sac Development Corp., Toped Management Services, Inc., V.M. Paolozzi Imports, Inc., and Thirty One Development LLC (the "Entity Respondents"), to accept Respondent Philip J. Simao's ("Respondent Simao") membership interests in those Respondents which are Limited Liability Companies ("LLC Respondents"), and to receive, on an ongoing and continuing basis, until the Judgments with interest are paid in full, all profits of the Entity Respondents, and all distributions, dividends and bonuses declared by the Entity

Respondents and/or the Receiver, to which Respondent Simao would otherwise be entitled, and

Upon this Court's 2016 Decision and Order, which required Petitioner to file a proposed Order identifying the Receiver and specifying the property to be received, the duties of the Receiver and the manner in which they are to be performed, consistent with such Decision and Order, and

Upon this Court's Order Appointing Receiver, dated May 13, 2016, which among relief, appointed Adam J. Stanard, CPA as Receiver, and outlined the Receiver's powers and responsibilities ("Receivership Order"), and

Upon this Court's Decision and Order, dated February 12, 2019 ("2019 Decision and Order"), which granted the Motion of Petitioner, in its entirety, to (1) replace the existing Receiver, Adam J. Stanard, CPA, with Christopher Didio, CPA, CFE; (2) provide the Receiver with real-time, read-only access to all of Respondents' bank and investment accounts by the provision of on-line user names and passwords for each; (3) prohibit Respondents from making any distribution to Respondent Simao, or between the Respondents directly, until the details of the proposed distribution are provided to the Receiver for review and approval, and until the Respondents otherwise comply with the Receivership Order; and (4) provide distributions to Petitioner and Respondents based on a cash-flow analysis, as opposed to being based upon a gross profit analysis (as provided in the original Receivership Order), and perform the cash-flow analysis for each Respondent separately, without regard to the other Respondents, and

**IT IS HEREBY:**

**ORDERED**, that Christopher Didio, Partner, CPA, CFE, of Dannible & McKee, LLP, Certified Public Accountants and Consultants, 221 South Warren Street, Syracuse, New York, 13202, is hereby appointed Receiver ("Receiver") in the place of Adam J. Stanard, CPA, of Fust, Charles, Chambers, LLP, Certified Public Accountants, whose services are terminated; and it is further

**ORDERED**, that Adam J. Stanard, CPA and Fust, Charles, Chambers, LLP shall turn over the complete Receivership file, including all electronic documents ("Receivership File"), to the Receiver, within fourteen (14) days of the entry of this Amended Order for Receivership, and it is further

**ORDERED**, that the Receiver is appointed receiver of the following property of the Entity Respondents: all profits, net monthly cash flow, distributions, dividends, bonuses, and stock certificates, to the extent Respondent possesses a membership interest in them (collectively "Property"); and it is further

**ORDERED**, that Respondents shall immediately provide the Receiver with real-time, read-only access to all of Respondents' bank accounts and investment accounts, wherever located, by Respondents' provision of the on-line, user names and passwords for each of such accounts, and such user names and passwords shall not be changed by Respondents unless the Receiver is provided notice of the anticipated change(s), and the new user name(s) or password(s), at least one (1) day before such change; and it is further

**ORDERED** that Respondents are prohibited from making any distribution, payment or exchange, of any kind, including but not limited to, any loan, bonus, dividend

or extension of credit (collectively "Distribution"), to Respondent Simao, or between the Entity Respondents, until the details of the proposed Distribution are provided to the Receiver for review and approval, and not unless the Respondents are otherwise in full compliance with this Amended Order for Receivership; and it is further

**ORDERED** that the duties of the Receiver shall be as follows, and shall be performed in the following manner:

1. to review the Receivership File within fourteen (14) days from receipt of same from the former Receiver, and every thirty (30) days thereafter, or more frequently as determined by the Receiver in order to perform his duties;

2. to accept from the former Receiver, Respondent Simao's membership interests in the LLC Respondents;

3. to perform a cash-flow analysis for each Respondent separately and without regard to the other Respondents, for the purpose of identifying any net monthly cash flow generated by each Respondent;

4. to collect, on an ongoing and continuing basis, all net monthly cash flow from each of the Entity Respondents, and Distributions from each of the Entity Respondents, to which Respondent Simao would otherwise be entitled after the payment of ordinary operating expenses (which shall not include improvements), and pay over to Petitioner ninety percent (90%) of such net monthly cash flow and Distributions (including any debt or obligation due and owing from the Entity Respondents to Respondent Simao) until Petitioner's Judgments, plus post-judgment interest, are

satisfied, the remaining ten percent (10%) of such money being paid over to Respondent Simao;

5. to obtain access and control of the former Receiver's bank account in the County of Onondaga, New York, and deposit all monies collected by the Receiver directly in that account, and make no withdrawals from that account except as Ordered by the Court, upon Receiver's letter application, with accounting, to the Court, on notice to all parties, on a bi-monthly or quarterly basis, upon the Receiver's discretion;

6. to comply with all requirements and lawful orders of any governmental department or authority;

7. to employ legal counsel to represent Receiver, upon letter application to the Court; and

8. to apply by letter motion at any time, on notice to all parties, for further or other instructions and for such further power as may be necessary to enable the Receiver to properly carry out the terms of this Amended Receivership Order and fulfill his duties as Receiver; and it is further

**ORDERED** that the Respondents' obligations to the Receiver are as follows:

1. Respondents and their managing agents, partners, officers, employees and agents, and all others who may be in possession of any books and records of the Respondents, shall provide the Receiver with full and unconditional access to the books and records of the Respondents and immediately deliver possession of same to the Receiver, upon request;

2. Respondents shall immediately take steps to name the new Receiver as an additional insured on all insurance in connection with any real property owned by Entity Respondents and shall not remove the Receiver as an additional insured until the Receiver has been discharged of his duties hereunder;

3. Respondents shall respond to any inquiry or request from the Receiver and provide any information or documents requested by the Receiver within three (3) calendar days of such inquiry or request; and

4. Respondents shall not interfere with the duties and actions of the Receiver; and it is further

**ORDERED**, that pursuant to CPLR § 6402, prior to entering upon his duties, the Receiver shall execute and file with the Clerk of this Court an oath, acknowledged by a notary public, that he will faithfully and fairly discharge the trust committed to him; and it is further

**ORDERED**, that pursuant to CPLR § 6402, prior to entering upon his duties, the Receiver shall post an undertaking in the amount of ten thousand dollars ($10,000.00); and it is further

**ORDERED** that pursuant to CPLR § 5228(a), the Receiver shall, according to the procedure and schedule above, receive as a commission five percent (5%) of all sums received from the Respondents and disbursed by him; and it is further

**ORDERED** that pursuant to CPLR § 5228(a), the Receiver shall be reimbursed, on a monthly basis, for necessary expenses; and it is further

**ORDERED** that pursuant to CPLR § 5202(b), in the case of any debt owed to Respondent Simao or an interest of Respondents in personal property, the rights of Petitioner, as judgment creditor of Respondent Simao, in the debt or property of Respondent Simao, are superior to the rights of any transferee of the debt or property, except a transferee who acquired the debt or property for fair consideration and without notice of this Order; and it is further

**ORDERED** that non-compliance with the terms of this Order, whether by Respondents, a garnishee or a transferee, may be punished as a contempt of Court under CPLR §§ 5210 and 5251.

Dated: October 23, 2019
        Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge